IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20940

_____

CORPORATE HEALTH INSURANCE, INC.; AETNA HEALTH PLANS OF TEXAS,
INC.; AETNA HEALTH PLANS OF NORTH TEXAS, INC.; AND AETNA LIFE
INSURANCE COMPANY,

                    Plaintiff - Appellees - Cross-Appellants,

                              versus

TEXAS DEPARTMENT OF INSURANCE,

                    Defendant - Cross-Appellee,

JOSE MONTEMAYOR, Commissioner of the Texas Department of Insurance;
JOHN CORNYN, Attorney General, State of Texas,

                    Defendants - Appellants - Cross-Appellees.

_____

Appeals from the United States District Court
For the Southern District of Texas

_____

December 16, 2002

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM, Circuit Judge, and ATLAS, District Judge.[1]

Per Curiam:

_____

    [1] District Judge of the Southern District of Texas, sitting by designation.
This matter is being decided by a quorum, 28 U.S.C. § 46(d).

This case is before us on remand from the Supreme Court,[2] for further consideration in light of *Rush Prudential HMO, Inc. v. Moran*.[3] Although the Court vacated our opinion in its entirety, only one holding of our opinion in *Corporate Health v. Texas Department of Insurance*[4] was affected by the Court's opinion in *Moran*: that the provisions of the Texas statute allowing independent review of HMO's medical necessity determinations are preempted by ERISA.

In determining that the independent review organization provisions of the Texas statute were preempted, this court made a three step inquiry. We began with a determination that the IRO provisions "related to" ERISA, and were therefore preempted.[5] We then determined that the IRO provisions were insurance regulations under ERISA's saving clause.[6] Finally, we determined that the IRO provisions were nonetheless preempted because they conflicted with a substantive provision of ERISA.[7] Specifically, we held that the IRO "creates an alternative mechanism through which plan members may seek benefits due them ... the identical relief offered under

---

[2] *Montemayor v. Corporate Health Ins.*, — U.S. —, 122 S. Ct. 2617 (2002).

[3] — U.S. —, 122 S. Ct. 2151 (2002).

[4] 215 F.3d 526 (5th Cir. 2000).

[5] *Id.* at 537.

[6] *Id.* at 538.

[7] *Id.* at 539.

§ 1132(a)(1)(B) of ERISA."[8]    We concluded: "As such, the independent review provisions conflict with ERISA's exclusive remedy and cannot be saved by the saving clause."[9]

*Moran* made the same three inquiries in examining a similar Illinois statute.  As we found in examining the Texas statute, *Moran* found that the Illinois statute related to ERISA, but was an insurance regulation under the ERISA saving clause.[10]  However, in examining whether the statute was preempted as conflicting with ERISA's exclusivity of remedy, the Court held that it was not. While *Moran* recognized that any state law that created a new cause of action or alternative ultimate remedy would be preempted by ERISA, it held that the independent review provision did not offer a new cause of action or ultimate remedy:

> But this case addresses a state regulatory scheme that *provides no new cause of action under state law* and *authorizes no new form of ultimate relief.*  While independent review under § 4-10 [of the Illinois statute] may well settle the fate of a benefit claim under a particular contract, the state statute *does not enlarge the claim beyond the benefits available in any action brought under § 1132(a)*.  And although the reviewer's determination would presumably replace that of the HMO as to what is "medically necessary" under this contract, *the relief ultimately available would still be what ERISA authorizes in a suit for benefits under § 1132(a)*.[11]

---

[8] *Id.*

[9] *Id.*

[10] *Moran*, 122 S. Ct. at 2159, 2164.

[11] *Id.* at 2167 (internal citations omitted, emphasis added).

It is at this juncture that *Moran* parts company with our holding, unless the Texas statute differs in a relevant way from the Illinois statute at issue in *Moran*. As our description of the Texas statute made clear, there are no relevant differences between the statutes.[12]

On remand, Corporate Health argues that the IRO provisions of the Texas statute are preempted as they apply to self-funded ERISA plans and federal employees under FEHBA. It is correct on both counts. First, application of the Texas statute to self-funded ERISA plans is preempted. Again, the Court in *Moran* found, as did we with the Texas statute, that the independent review provisions "related to" ERISA plans and were thus generally preempted. *Moran* also notes that ERISA's saving clause does not apply to self-funded ERISA plans.[13] Therefore, ERISA forecloses application of the Texas IRO provisions to self-funded ERISA plans.

Second, *Moran* did not examine FEHBA preemption, and nothing in the *Moran* opinion casts doubt upon our opinion regarding FEHBA preemption. Like ERISA, FEHBA also has a preemption clause for state laws that "relate to" FEHBA plans.[14] However, unlike ERISA,

---

[12] One such difference would be the creation of a new cause of action. However, we specifically held that the Texas statute does not create a cause of action for the denial of benefits. *See Corporate Health*, 215 F.3d at 534, 539. On remand, Corporate Health concedes that there are no relevant differences between the statutes and that the *Moran* opinion dictates that we find that the IRO provisions are not preempted.

[13] *Moran*, 122 S. Ct. at 2162 n.6.

[14] 5 U.S.C. § 8902(m)(1) (1999).

4

there is no saving clause for insurance regulation in FEHBA, and therefore FEHBA preempts the IRO provisions.

In sum, the *Moran* opinion requires that our opinion be modified in part. We hold that the IRO provisions of the Texas statute are not preempted by ERISA because they are within the saving clause of ERISA and do not offer an additional remedy in conflict with ERISA's exclusive remedy. Because self-funded ERISA plans are not covered by ERISA's saving clause, ERISA preempts any application of the IRO provisions to self-funded plans.

Accordingly, we REINSTATE our opinion as modified herein.